The People of the State of New York, Respondent, 
against
William E. Cuthbert, Appellant.




Del Atwell, Esq., for appellant.
Suffolk County District Attorney (Thomas Constant, Esq.), for respondent.

Appeal from two judgments of the Justice Court of East Hampton, Suffolk County (Steven Tekulsky, J.), each rendered December 4, 2014. The judgments convicted defendant, upon jury verdicts, of disorderly conduct and resisting arrest, respectively.




ORDERED that the judgments of conviction are reversed, on the law, the accusatory instruments are dismissed, and the fines, surcharges, and fees, if paid, are remitted.
Defendant was charged in an information with disorderly conduct (Penal Law § 240.20 [3]) in that, at about 10:56 a.m. on January 23, 2014, at the corner of Abrahams Path and Accabonac Road in the Town of East Hampton, defendant:
"did wrongfully state obscenities in public after being requested by police officer Frank Trotta . . . to move his vehicle from the intersection after being involved in a reportable motor vehicle accident. Defendant was standing within inches of police officer Frank Trotta . . . while screaming in a loud voice in sum and substance f*** you you f*cking pig! I am not listening to you, you f*cking pig a**hole! Get another officer here you f*cking a**hole!"
Defendant was charged in a separate information with resisting arrest (Penal Law § 205.30)[FN1]
 in that, at the same time and place, defendant:

"intentionally attempted to prevent a police officer from effecting an authorized arrest of [defendant], in that, while Police Officer Trotta . . .was attempting to place the defendant under arrest for the charge of Disorderly Conduct, the defendant did shove, and flail his arms at Officer Trotta until the officer eventually subdued him."

At a jury trial, the testimony established that the van which defendant had been driving had been struck by another vehicle at an intersection in the Town of East Hampton, Suffolk County. When a police officer arrived at the scene, defendant complied with the officer's request to move his van to the side of the road. Defendant then became involved in a dispute with the officer, during which he allegedly raised his voice and used profanity. Police Officer Frank Trotta testified at one point that there were numerous vehicles at the intersection, but subsequently testified that there were only a few vehicles at the intersection. After other officers arrived at the scene, defendant was placed under arrest, but attempted to prevent the police from handcuffing him by pushing and flailing his arms. After he was placed in a patrol car, defendant kicked one of the windows. As a result, the police placed a restraint on defendant's legs. The driver of a fuel delivery truck, who was at the intersection, testified that he left the scene but, five minutes later, he returned because he wanted to see what was happening.

Following the jury trial, defendant was found guilty of disorderly conduct (Penal Law § 240.20 [3]) and resisting arrest (Penal Law § 205.30). On appeal, defendant contends, among other things, that the factual part of the information charging him with disorderly conduct alleged that the dispute was confined exclusively to defendant and Officer Trotta. Thus, the information was jurisdictionally defective because it did not allege that there was any public dimension to the incident. Defendant also argues that the information charging him with resisting arrest was jurisdictionally defective because it failed to indicate that the underlying arrest for disorderly conduct was authorized. Defendant further contends that the Justice Court should have granted his motion to dismiss the charges at the close of the People's evidence. In effect, he argues that the evidence was legally insufficient to establish his guilt of disorderly conduct and resisting arrest beyond a reasonable doubt. Defendant also asserts that the verdicts of guilt were against the weight of the evidence

For an information to be facially sufficient, it must contain nonhearsay allegations which establish, if true, every element of the offense(s) charged and the defendant's commission thereof (see CPL 100.40 [1] [c]; People v Casey, 95 NY2d 354, 360 [2000]; People v Canjura, 46 Misc 3d 66, 68 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; see also CPL 100.15 [3]; 100.40 [1] [b]). These requirements, with the exception of a claim of hearsay, which is waived if it is not [*2]timely raised in a motion in the trial court, are jurisdictional (see People v Canjura, 46 Misc 3d at 68), and must be addressed on appeal even if not raised in a motion (see People v Alejandro, 70 NY2d 133, 135 [1987]; People v Deveaux, 50 Misc 3d 133[A], 2016 NY Slip Op 50032[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).

The factual part of an information charging the offense of disorderly conduct must allege that the defendant's conduct had a public dimension (see Penal Law § 240.20; People v Weaver, 16 NY3d 123, 128 [2011]; People v Munafo, 50 NY2d 326, 331 [1980]; People v Skrodzki, 45 Misc 3d 134 [A], 2014 NY Slip Op 51728 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). A person may be found guilty of disorderly conduct only when the situation extends beyond an exchange between individual disputants to a point where it becomes a potential or immediate public problem (see People v Munafo, 50 NY2d at 331).

"In assessing whether an act carries public ramifications, relevant factors to consider are the time and place of the episode under scrutiny; the nature and character of the conduct; the number of other people in the vicinity; whether they are drawn to the disturbance and, if so, the nature and number of those attracted; and any other relevant circumstances [citations omitted]. And, contrary to defendant's position, there is no per se requirement that members of the public must be involved or react to the incident. Rather, the attention generated by a defendant's activities, or the lack thereof, is a relevant factor to be considered in the public dimension calculus" (People v Weaver, 16 NY3d at 128).

A "defendant may be guilty of disorderly conduct regardless of whether the action results in public inconvenience, annoyance or alarm if the conduct recklessly creates a risk of such public disruption" (id.)

Here, the only allegation in the accusatory instrument that this incident had a public dimension was that it had occurred "in public" at an intersection where "a reportable motor vehicle accident" had occurred. There was no allegation, for example, that any people were present, or even how much traffic there was at the intersection (see People v Munafo, 50 NY2d at 331; People v Holland, 49 Misc 3d 150[A], 2015 NY Slip Op 51727[U] [App Term, 1st Dept 2015]; People v Moreno, 47 Misc 3d 138[A], 2015 NY Slip Op 50587[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Canjura, 46 Misc 3d at 68; cf. People v Wanass, 55 Misc 3d 97, 100 [App Term, 1st Dept 2017]; People v Hickson, 50 Misc 3d 127[A], 2015 NY Slip Op 51865[U] [App Term, 1st Dept 2015]). Thus, the information charging disorderly conduct was jurisdictionally defective, as it contained insufficient allegations that the altercation extended beyond defendant and Officer Trotta, and that it had a public dimension to it.

To be jurisdictionally sufficient, the factual part of an accusatory instrument alleging resisting arrest (Penal Law § 205.30) must set forth allegations sufficient to establish, if true, that the defendant's arrest was lawful and "premised on probable cause" (People v Jensen, 86 NY2d 248, 253 [1995]; see People v Christiansen, 19 Misc 3d 134[A], 2008 NY Slip Op 50693[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Here, the accusatory instrument charging [*3]defendant with resisting arrest merely stated in conclusory fashion that defendant had resisted an authorized arrest for disorderly conduct, and, thus, was jurisdictionally defective (see People v Jensen, 86 NY2d at 253; People v Klein, 42 Misc 3d 141[A], 2014 NY Slip Op 50212[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bullock, 42 Misc 3d 141[A], 2014 NY Slip Op 50211[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Lucas, 15 Misc 3d 139[A], 2007 NY Slip Op 50943[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).

In light of our determination, this court need not review defendant's other contentions.

Accordingly, the judgments of conviction are reversed, the accusatory instruments are dismissed, and the fines, surcharges, and fees, if paid, are remitted.

MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: August 24, 2017



Footnotes

Footnote 1: Defendant also was charged with harassment in the second degree, but he was found not guilty of that charge.